■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUISE ALVARADO, Appellant.— Appeal by defendant from so much of a judgment of the County Court, Kings County, rendered October 27, 1959, convicting her, on her plea of guilty, of attempted grand larceny in the second degree, as sentenced her to serve a term of one year in the New York City penitentiary. Defendant was charged with obtaining money and public assistance from the city's Welfare Department by fraudulently representing that she had no other income when in fact she was employed and did have other income. The appeal is limited to the claimed excessiveness of the sentence. Judgment modified on the facts by reducing defendant's sentence to the time already served. As so modified, the judgment, insofar as appealed from, is affirmed; defendant is discharged and her bail exonerated. In our opinion, under all the circumstances the sentence of one year is excessive. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN HOLLAND, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 25, 1959, convicting him, on his plea of guilty, of attempted grand larceny in the second degree, and sentencing him, as a second felony offender, to serve a term of three to four years. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ DOROTHY H. REILLY et al., Respondents, v. MARTHA SELIG, Appellant.— In an action by 89 tenants against a landlord pursuant to subdivision 6 of section 11 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1957, ch. 755), to recover overpayments of rent in excess of the maximum rent, pursuant to a determination of the State Rent Administrator revoking retroactively rent increases and directing the refund of the excess rent collected, the landlord appeals from an order of the Supreme Court, Westchester County, dated January 26, 1960, denying her motion: (a) to dismiss the complaint, pursuant to rule 106 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action; and (b) to dismiss the complaint, pursuant to rule 107 of the Rules of Civil Practice, on the ground that the causes of action stated in the complaint did not accrue within the time limited by law for their commencement. Order affirmed, with $10 costs and disbursements. (See Matter of Selig v. Caputa, 12 A D 2d 821.) Defendant's time to answer the complaint is extended until 20 days after entry of the order hereon. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ KATE M. RUXER, Respondent, v. K-M ASSOCIATES et al., Defendants and VELDA A. ROLLINS, Appellant.— In an action to recover damages for personal injuries, the defendant Rollins appeals from a judgment of the Supreme Court, Westchester County, entered December 16, 1959, after a jury trial, on a verdict in favor of plaintiff and against said defendant. Judgment reversed on the facts, action severed as to defendant Rollins, and new trial granted as to said defendant, with costs to abide the event, on the ground that the jury's verdict is against the weight of the credible evidence. Nolan, P. J., Beldock. Kleinfeld, Christ and Pette, JJ., concur.